**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| MARY CRUMPTON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-cv-8402 |
| v. | ) ) | |
| OCTAPHARMA PLASMA, INC., | ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

Defendant, Octapharma Plasma, Inc., through its counsel, Daniel T. Graham, Timothy R. Herman and Jeffrey M. Sniadanko of Clark Hill PLC, provides notice and, pursuant to 28 U.S.C. §§ 1332(a) and (d), 1441, 1446, and 1453, hereby removes the action filed as *Mary Crumpton, individually and on behalf of all others similarly situated, Plaintiff v. Octapharma Plasma, Inc., Defendant*, in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division, and in support hereof, states:

### PARTIES

1.      Plaintiff Mary Crumpton, ("Plaintiff") is a natural person and citizen of Illinois.

2.      Defendant Octapharma Plasma, Inc., ("OPI") is a corporation existing under the laws of Delaware with its principal place of business and headquarters located in North Carolina.

### PROCEDURAL HISTORY AND BACKGROUND

3.      On December 2, 2019, Plaintiff filed a one-count Class Action Complaint and Demand For Jury Trial on her behalf and on behalf of all others similarly situated, against OPI as

the sole defendant, in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, as Case Number 2019 CH 13850 (the "Class Action Complaint").

4.      Through undersigned counsel, OPI accepted service of Summons and the Class Action Complaint on December 4, 2019.

5.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Class Action Complaint, Summons to OPI and Notice and Acknowledgement of Receipt of Summons and Class Action Complaint are attached hereto as **Group Exhibit A**. OPI's counsel filed an appearance along with a copy of this Notice in the Circuit Court. No substantive matters have been addressed and no other filings have been made in the Cook County Circuit Court action.

6.      Plaintiff's Class Action Complaint contains a single cause of action based upon alleged violations of Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), an "informed consent statute which achieves its goal by making it unlawful for a company to, among other things, 'collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information'" when the company does not satisfy certain statutory requirements. Class Action Complaint at ¶ 15, Group Ex. A.

7.      Unless an exception applies, BIPA's requirements include:

a.      "Inform[ing] the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;

b.      Inform[ing] the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

c.      Receiv[ing] a written release executed by the subject of the biometric identifier or biometric information." *Id*.

2

8. Under BIPA, biometric identifiers and information include fingerprints. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id*. at ¶ 16 (citations omitted).

9. In addition to other safeguards protecting how biometric identifiers and information should be collected, retained and destroyed, Plaintiff alleges that BIPA provides a private cause of action and liquidated damages against private entities for BIPA violations. *Id*. at ¶¶ 41-42, 52.

10. Plaintiff alleges that liquidated damages comprise:

    a. $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2); or, in the alternative,

    b. $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

    c. Plus reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS 14/20(3). *Id*. at ¶ 52.

11. Specific to OPI, the Class Action Complaint states the following:

    a. OPI is a corporation that is subject to BIPA. *Id*. at ¶ 44;

    b. OPI required Plaintiff and other Illinois residents who donated plasma to scan their fingerprint so that OPI could enroll him or her in OPI's membership database. *Id*. at ¶¶ 2, 22 and 29;

    c. Each time Plaintiff and other Illinois residents donated plasma, each was required to scan his or her fingerprint. *Id*. at ¶¶ 2 and 30;

    d. OPI stored Plaintiff's and other Illinois residents' fingerprint data in its database and used their fingerprint data to identify them. *Id*. at ¶¶ 21, 26, 29, and 46;

3

e.   OPI allegedly never informed Plaintiff and other Illinois residents who donated plasma in writing that their fingerprint data was being collected and stored, nor of the specific limited purposes or length of time for which it collected, stored, or used their fingerprint data, allegedly in violation of BIPA. *Id*. at ¶¶ 31, 36-39, 41, 48-49, and 51;

f.   OPI allegedly never publicly informed Plaintiff and other Illinois residents who donated plasma of any biometric data retention policy it developed or whether it will ever permanently delete their fingerprint data, allegedly in violation of BIPA. *Id*. at ¶¶ 32, 36-39, 42, and 50-51;

g.   OPI allegedly never obtained a written release from Plaintiff and other Illinois residents who donated plasma allowing OPI to collect or store their fingerprint data, allegedly in violation of BIPA. *Id*. at ¶¶ 33, 36-39, 41, 47, and 51; and

h.   OPI has allegedly collected fingerprint data from "at least hundreds of individuals who fall into the definition of the Class." *Id*. at ¶ 36.

i.   Plaintiff now seeks liquidated damages and injunctive relief on her own behalf and on behalf other Illinois residents who donated plasma at OPI for these alleged violations of BIPA. *Id*. at ¶¶ 34-35, 36-39, and 52.

### GROUNDS FOR REMOVAL

12.   Complete diversity of citizenship of the plaintiff and all defendants provides jurisdiction for removal when the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. §§ 1332(a) and 1441. Class claims cannot be aggregated for purposes of diversity jurisdiction and the amount required to satisfy a named plaintiff's demand in full is calculated as of the date of

4

removal, but may be based upon a good-faith estimate. *Oshana v. Coca-Cola Company*, 472 F.3d 506, 510-511 (7th Cir. 2006) (citing *Del Vecchio v. Conseco, Inc.,* 230 F.3d 974, 977 (7th Cir. 2000); *Garbie v. DaimlerChrysler Corp.,* 211 F.3d 407, 409 (7th Cir. 2000); *In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997)). The amounts claimed can include not only actual damages, but also attorney's fees. *Id*. Here, Plaintiff is a citizen of Illinois and Defendant OPI is a citizen of Delaware (its place of incorporation) and a citizen of the state of North Carolina, where its principal place of business and headquarters is located. *See* the Declaration of Monica H. Byrd, Senior Director of Regulatory Affairs and Quality Assurance of OPI, attached hereto as **Exhibit B.** Should Plaintiff succeed on her allegations that OPI violated BIPA, her damages will exceed $75,000.

13.     In addition, or alternatively, the Class Action Fairness Act of 2005 ("CAFA") can be used as a removal device for class actions. Under CAFA, a class action includes any civil action filed under Federal Rule of Civil Procedure 23, or under a "similar State statute or rule of judicial procedure", which would include actions brought pursuant to 735 ILCS § 5/2-801, invoked by Plaintiff in this case. 28 U.S.C. § 1332(d)(1)(B).

14.     This Court has jurisdiction over this alleged class action pursuant to the CAFA requirements, delineated in Sections 1332(d)(2), (d)(2)(A), (d)(5)(A) and (d)(5)(B). The named Plaintiff and OPI are citizens of different states. The proposed class contains more than 100 members. OPI, the only defendant in this case, is not a State, State official, or other governmental entity.  And, Plaintiff's claims for relief place the aggregate amount in controversy in excess of $5,000,000, exclusive of costs and interest. All procedural requirements for removal have been met. Therefore, this Court has jurisdiction to hear this properly-removed class action.

I.      **OPI SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

15.     OPI received and waived service of the Class Action Complaint on December 4, 2019. Accordingly, this Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b)(1), within thirty (30) days of service. (*See* Group Ex. A, Notice and Acknowledgement of Receipt of Summons and Class Action Complaint).

16.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and notice is being filed with the Clerk of the Circuit Court of Cook County, Illinois.

17.     Venue for removal purposes is proper in the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1441(a), because it is the district in which the state court case is pending.

II.     **THIS COURT HAS DIVERSITY SUBJECT MATTER JURISDICTION OVER THIS ACTION.**

18.     Removal is proper under 28 U.S.C. §§ 1332(a) and 1441 when there is complete diversity of citizenship between a plaintiff and a defendant, and the amount in controversy exceeds $75,000. *Carroll v Striker Corp.*, 658 F.2d 675, 680-81 (7ᵗʰ Cir. 2011).

19.     Plaintiff and each of the putative class members are citizens of Illinois. (*See* Ex. A, Class Action Complaint at ¶ 8 and pp. 7-8 at "Class Definition").

20.     Under diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business and headquarters is located. *Id.*

21.     OPI is therefore a citizen of the states of Delaware and North Carolina. *See id.*; Group Ex. A, Class Action Complaint at ¶ 9; Ex. B.

22.     With respect to the jurisdictional amount of $75,000, since the amount of potential damages available to Plaintiff are not alleged, we need to look to Plaintiff's Class Action Complaint and accept the allegations as true for the purposes of the removal analysis. *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006).

23.     With respect to Plaintiff, OPI has reviewed its records relative to her donations at OPI's Illinois facilities. Specifically, OPI has determined that Plaintiff visited OPI on 47 occasions to enroll and subsequently donate plasma. *See* Ex. B, at ¶ 4-5.

24.     At the maximum potential liquidated damages of $5,000 per willful or reckless violation of BIPA, with three BIPA violations alleged that occurred per visit, multiplied by 47 visits, would total $705,000. *See* ¶ 11(a)-(g), (i), *supra*.

25.     Consequently, Plaintiff has alleged sufficient potential damages that exceed the $75,000 jurisdictional threshold for diversity jurisdiction to vest in this Court. 28 U.S.C. ¶¶ 1332(a) and 1441.

## III.     THIS COURT ALSO HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA.

26.     CAFA expands federal jurisdiction to cover large-stakes class actions with minimal diversity of citizenship. *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 818 (7th Cir. 2010); *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 681 (7th Cir. 2006).

27.     Federal courts have original jurisdiction in class actions where: (1) any member of the plaintiff class is a citizen of a state different from any defendant ("minimal diversity"); (2) the number of members of the plaintiff class is 100 or more; (3) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; and (4) the aggregate amount in controversy exceeds $5,000,000, exclusive

of interests and costs. *Hart*, 457 F.3d at 679; 28 U.S.C. § 1332(d). If the first three requirements are met, and recovery of an amount exceeding the jurisdictional minimum is not legally impossible, the case belongs in federal court. *See Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

      **A.**      **Minimal Diversity Exists.**

28. The Class Action Complaint alleges that Plaintiff is an individual who at all relevant times resided in the State of Illinois, and that Plaintiff seeks to represent an alleged class that includes all OPI donors who resided in Illinois in order to qualify under BIPA and who donated blood at facilities operated by OPI. (Ex. A, Class Action Complaint at ¶ 8 and pp. 7-9 "Class Allegations").

29. OPI is a citizen of the states of Delaware and North Carolina for purposes of federal jurisdiction, *see* 28 U.S.C. § 1332(c)(1), because it is a corporation organized under the laws of the State of Delaware, and has its principal place of business and headquarters in the State of North Carolina. (Ex. A, Class Action Complaint ¶ 9).

30. Accordingly, the "minimal diversity" requirement set forth in 28 U.S.C. § 1332(d)(2)(A) is satisfied because at least one member of the putative plaintiff class, comprising residents of Illinois, is different from the states where OPI is a citizen. (*See* Ex. A, Class Action Complaint at ¶ 9 and pp. 7-9 "Class Allegations").

      **B.**      **The Putative Class has at least 100 Members.**

31. The Class Action Complaint alleges the proposed class to be as follows:

> All residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by [OPI] while residing in Illinois.

(Ex. A., Class Action Complaint at pp. 7-8 "Class Definition").

8

32.     Plaintiff further alleges that "[OPI] has collected, captured, received, or otherwise obtained biometric identifiers from *at least hundreds* of individuals who fall into the definition of the class." (Ex. A, Class Action Complaint at ¶ 36 (emphasis added)).

33.     Therefore, on its face, the Class Action Complaint provides that there are at least 100 members in the putative class, satisfying the requirement set forth in 28 U.S.C. § 1332(d)(5)(B).

### C.     OPI is Not a State, State Official or Governmental Entity.

34.     OPI is a corporation that operates eight (8) blood plasma donation centers in Illinois, including four centers in Cook County. (Ex. A, Class Action Complaint at ¶¶ 1 and 9-11).

35.     Thus, OPI is neither a State, State Official, nor governmental entity, and the requirement set forth in 28 U.S.C. § 1332(d)(5)(A) is satisfied.

### D.     The Aggregate Amount in Controversy Exceeds $5 Million.

36.     Unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court. *Back Doctors*, 637 F.3d at 830. The removing litigant must show a reasonable probability that the stakes, given the plaintiff's demands, exceed $5 million. *Id*. at 829. The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy), not whether plaintiff is likely to win or be awarded everything she seeks. *Back Doctors,* 637 F.3d at 829-30. And *only* jurisdictional facts, such as which state issued a party's certificate of incorporation, need to be established by a preponderance of the evidence. *Id*. at 830 (emphasis added); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448-49 (7th Cir. 2005). There are several ways in which the amount in controversy may be established: by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates; or by introducing evidence, in the form of affidavits from the defendant's employees, about how much

9

it would cost to satisfy the plaintiff's demands. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006). Once the defendant has established that the required amount in controversy is probable, only a "legal certainty" that the judgment will be less forecloses federal jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Back Doctors*, 637 F.3d at 830.

37.     In the context of class actions, CAFA "provides that the minimum amount in controversy is satisfied if the *aggregate* stakes in a class action exceed $5 million. *Pfizer, Inc. v. Lott*, 417 F.3d 725, 726 (7th Cir. 2005) (emphasis in original). Along with incorporating the actual damages per class plaintiff, the amount in controversy can also include, where applicable, exemplary damages and attorney's fees. *Back Doctors Ltd.*, *supra*, 637 F.3d at 830; *Sarnoff v. American Home Prods. Corp.*, 798 F.2d 1075, 1078 (7th Cir. 1986) ("where a litigant has a right...to an award of attorney's fees if he prevails…a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied.").

38.     Where a complaint alleges a violation of BIPA, actual liquidated damages and attorney's fees are all at stake. *Back Doctors*, 637 F.3d at 830; *see also Rosenbach v. Six Flags Enter. Corp.*, 2019 IL 123186 (2019). Further, BIPA is a fee-shifting statute that provides for awards of reasonable attorney's fees to prevailing parties. *See id.;* 740 ILCS 41/1, *et seq*.

39.     Here, OPI will certainly dispute that Plaintiff has any viable claim or that any damages whatsoever are owed to Plaintiff, individually or on behalf of any alleged class. Nonetheless, it is evident from the asserted definition of the putative class, and from the various forms of relief sought by Plaintiff on behalf of herself and the alleged class, that the aggregate amount in controversy here exceeds the $5 million threshold required by CAFA.

1. <u>Liquidated Damages</u>

40. Plaintiff seeks, individually, liquidated damages for each violation of BIPA that occurred each time her biometric information was collected by OPI, during the period June 2018 through August 2018. (Ex. A, Class Action Complaint at ¶¶ 28 and 52). Plaintiff also seeks liquidated damages on behalf of the alleged class, liquidated damages for each violation of BIPA when a class member's biometric information was collected by OPI. (*Id*. at ¶ 52).

41. Each violation provides for liquidated damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) and a lesser amount of $1,000 for negligent violations. (*Id*. at ¶ 52).

42. Further, Plaintiff alleged the class to be "[a]ll residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by [OPI] while residing in Illinois." (Ex. A., Class Action Complaint at pp. 7-8 "Class Definition").

43. Thus, by alleging more hundreds of putative class members, by alleging multiple BIPA violations occurred per class member at $5,000 per class member per violation, and by leaving the prospective class open-ended and not providing a timeframe from which to measure damages, actual damages alone would well exceed the $5 million threshold on that basis alone. For example, OPI has determined that Plaintiff visited OPI on 47 occasions to enroll and subsequently donate plasma. At $5,000 per willful or reckless violation and three alleged violations per visit, multiplied by 47 visits, would total $705,000. OPI has also determined that over a thousand donors have visited OPI's Illinois-based clinic, and, based on the alleged three violations per visit, damages could exceed $15MM (Ex. B, at ¶¶ 4-5, 9)

222857509.2 D0303/397532
D0303\397532\222889974.v1

44.    Thus, based on the allegations on the face of the Complaint, and on OPI's calculations, it is reasonably probable that the amount in controversy will exceed $5 million. *See Back Doctors*, 637 F.3d at 830.

2.    Attorney's Fees

45.    Plaintiff also includes in her prayer for relief, a request for attorney's fees. (Complaint, ¶ 52). Because BIPA expressly provides for the grant of attorney's fees to the prevailing party, these costs must also be included in the calculation of the amount in controversy. *See Sarnoff*, 798 F.2d at 1078. Attorney fee awards in class actions are frequently in the area of 30% of the total recovery. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3rd Cir. 2005) (noting a study done by the Federal Judicial Center that found a median percentage recovery range of 27-30% for all class actions resolved over a four-year period).

46.    Here, assuming that Plaintiff is successful in proving her allegations, her requests for liquidated damages relief set forth above already put the amount in controversy of over $15 million. An attorney's fees award of 30% of that total (approximately $5MM) could increase the potential amount in controversy to almost $20 million, well in excess of the $5 million required for removal of an action under CAFA.

**E.    No Exception to CAFA Jurisdiction Exists.**

47.    Plaintiff cannot avail herself of any of the exceptions provided under CAFA. Under Section 1332(4) of CAFA, a district court "shall decline to exercise jurisdiction" if one of the two exceptions to minimal diversity exists, the "local controversy" exception, or the "home-state" exception. 28 U.S.C. §§ 1332(4)(A)-(B). Plaintiff cannot meet the burden of establishing the applicability of either of these two exceptions.

12

48.     Under the "local controversy" exception, district courts must decline jurisdiction where four circumstances are met: (1) more than two-thirds of the members of the proposed plaintiff class are citizens of the original filing state; (2) at least one defendant…is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the case. 28 U.S.C. § 1332(d)(4)(A); *Hart*, 457 F.3d at 679. Based on these requirements, Plaintiff cannot attempt to claim the "local controversy" exception because OPI is not a citizen of the original filing state of Illinois. (*See* Ex. A, Class Action Complaint at ¶¶ 8-9).

49.     Accordingly, because Plaintiff's claims satisfy the requirements of CAFA jurisdiction, this Court may properly exercise jurisdiction over this action. *See Back Doctors,* 637 F.3d at 830.

50.     OPI reserves the right to amend and/or supplement this Notice of Removal in the event necessary.

51.     OPI further reserves all its defenses and rights and the statements made herein shall not be construed as a concession to the truth of Plaintiff's allegations in the Class Action Complaint. *Brill*, 427 F.3d at 448-49 ("The question is not what damages the plaintiff will recover, what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed a good chance that the plaintiff will fail and the judgment be zero) does not prevent removal.").

**WHEREFORE**, for all the foregoing reasons, Defendant Octapharma Plasma, Inc., respectfully requests that this Court exercise jurisdiction over this case and enter orders and grant

relief as may be necessary to secure removal and prevent further proceedings in this matter in the

Circuit Court of Cook County, Illinois, and grant such further relief this Court deems appropriate.

14

December 23, 2019                    Respectfully submitted,

                                     OCTAPHARMA PLASMA, INC.,
                                     Defendant


                                     By:  /s/  Daniel T. Graham
                                             Daniel T. Graham
                                             dgraham@clarkhill.com
                                             Timothy R. Herman
                                             therman@clarkhill.com
                                             Jeffrey M. Sniadanko
                                             jsniadanko@clarkhill.com
                                             130 East Randolph Street
                                             Suite 3900
                                             Chicago, Illinois 60601
                                             Ph.: 312.985.5900
                                             Fax: 312.985.5954 (Graham)

                                             *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, David Reich, a non-attorney, do hereby certify that I caused a copy of the foregoing **Notice of Removal** to be served on all counsel of record by overnight delivery on December 23, 2019.

> Benjamin H. Richman
> brichman@edelson.com
> J. Eli Wade-Scott
> ewadescott@edelson.com
> Edelson PC
> 350 North LaSalle Street, 14th Floor
> Chicago, Illinois 60654
>
> David Fish
> dfish@fishlawfirm.com
> John Kunze
> kunze@fishlawfirm.com
> The Fish Law Firm, P.C.
> 200 East Fifth Avenue, Suite 123
> Naperville, Illinois 60563

*/s/ David Reich* _____

16