IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY CRUMPTON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>OCTAPHARMA PLASMA, INC., a Delaware corporation,<br><br>*Defendant.* | Case No. 1:19-cv-08402<br><br>Hon. Virginia M. Kendall |

**PLAINTIFF'S MOTION TO COMPEL**
**PRODUCTION OF DOCUMENTS AND DISCOVERY RESPONSES**

Plaintiff Mary Crumpton, by and through her counsel, and pursuant to Federal Rules of Civil Procedure 26, 33, and 37, respectfully requests this Court to compel Defendant Octapharma Plasma, Inc.'s ("Octapharma") to produce discovery and respond in writing to Plaintiff's First Sets of Interrogatories and Requests for Production of Documents ("RFP"). In support of her motion, Plaintiff states as follows:

1. After removal of the case to this Court, Octapharma answered Plaintiff's complaint. (Dkt. 16.) At the first status conference, however, the Court questioned whether there was Article III standing, and stayed discovery pending resolution of that question. (Dkt. 21.) The Parties briefed the question of Article III standing, which the Court took under advisement pending the resolution of the appeal in *Bryant v. Compass Group USA, Inc.* (Dkt. 27); *see also* 958 F.3d 617 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020). On May 8, 2020, the Court found that Plaintiff had standing to pursue her claims under 740

1

ILCS 14/15(b)—collection of biometric data in violation of the Illinois Biometric Information Privacy Act ("BIPA")—and ordered that "[t]he stay on discovery is hereby lifted." (Dkt. 31.)

2. Defendant served its Mandatory Initial Discovery Pilot ("MIDP")-required initial disclosures on June 8, 2020, amid some intervening activity in the case on the propriety of remanding Plaintiff's claims under 740 ILCS 14/15(a). (Dkt. 40.) Plaintiff accordingly served written discovery requests—both Interrogatories and RFPs—on June 15, 2020.

3. Counsel for Octapharma then sent Plaintiff a, frankly, confusing letter on July 10, 2020—five days before its discovery responses were due. Octapharma's view was that it had no obligation to respond to Plaintiff's requests at all, absent further order of the Court. (Dkt. 46-1.) Specifically, Octapharma claimed that it satisfied its obligations under the MIDP, and the MIDP prohibited any use of formal discovery processes without an explicit order of the Court. *See id.*

4. Plaintiff's counsel and Octapharma's counsel scheduled a meet and confer pursuant to Local Rule 37.2 on this issue on July 21, 2020. In advance of the conference (and during it), Plaintiff's counsel questioned the propriety of Octapharma's choice not to raise this issue until nearly a month after Plaintiff issued her discovery requests.

5. The meet and confer itself was not productive. Despite Plaintiff's explanations, Octapharma stood on its objection that a further order of the Court was required in order for discovery to take place beyond the MIDP-ordered initial disclosures. Plaintiff's counsel then indicated that he would review any supportive case law provided by Defendant to support its position; otherwise, Plaintiff would have to move to compel.

6. Plaintiff was thus surprised when, two days later, Defendant moved this Court to hold a Case Management Conference. (Dkt. 46.) Plaintiff was not consulted about Defendant's motion pre-filing, nor was this proposed as a solution to the apparent impasse during the Parties'

meet and confer. Instead, Octapharma's motion appears to be an effort to re-write some reasonableness into the choices it made and—no doubt—avert this motion to compel.

7. Plaintiff nevertheless files her motion to make plain the (relatively short) history of discovery in this action so far, and to request that Octapharma be ordered to respond. Plaintiff is, of course, prepared to present to the Court at the case management conference.

8. Octapharma's responses to Plaintiff's requests are now overdue, and it is difficult to imagine that Octapharma has made progress in preparing those responses given its view that discovery is halted. But the reasoning behind Octapharma's delay is groundless. The MIDP certainly does not inhibit the progress of formal discovery, and simply requires that the Parties exchange written discovery responses at an earlier time, without further order of the Court, and before initiating written discovery. (*See* MIDP Standing Order (Dec. 1, 2018) at 2.) Both Parties here exchanged MIDP responses. (Dkts. 22, 40.)

9. The language Octapharma relies on to unilaterally suspend discovery is not so direct. The MIDP Standing Order says "After the initial mandatory discovery responses have been provided, additional discovery *may* proceed under the Federal Rules of Civil Procedure and as set forth in a case management order to be entered by the Court." (MIDP Standing Order § (A)(1)(a) (emphasis added).) Further, "[w]hen the Court has *authorized* further discovery, a party may also serve requests pursuant to Rule 34." (*Id.* § (B)(7) (emphasis added).)

10. Defendant's refusal to respond to discovery is, accordingly, groundless. First, on May 8, 2020, the Court explicitly authorized discovery to proceed in stating "[t]he stay on Discovery is hereby lifted." (Dkt. 31.) Second, the MIDP Standing Order does not require a formal case management order in order to proceed with discovery. Rather, it states that a Court *may* structure discovery based on the Federal Rules of Civil Procedure and any discovery

needs to be identified subsequent to completing the MIDP disclosures. If the MIDP Standing Order was intended to replace the standard regime under Fed. R. Civ. P. 26—which does not hinge the availability of discovery on a formal case management order, see Fed. R. Civ. P. 26(d)—the Order would be more explicit.

11. Nor do the broader implications of Octapharma's position make sense. Plaintiff does not read the MIDP Standing Order as supplanting formal discovery, or creating a regime where MIDP disclosures provide the majority of the discovery process, and formal discovery is only used as a supplement. For instance, the MIDP Standing Order does not suggest that documents are actually to be produced at all, but instead merely identified for future production pursuant to Fed. R. Civ. P. 34. (MIDP Standing Order § (B)(7).) Of course, defendants might like a regime that allows them to disclose whichever—and as many—documents they believe the MIDP Standing Order requires, thus staving off formal discovery until a plaintiff can justify it to the given defendant and/or court. But that is not what the MIDP facially does.

12. In any event, this Court directed discovery to proceed several months ago. (Dkt. 31.) Octapharma cannot use the MIDP as a shield to avoid responding.

13. Plaintiff is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). An order compelling discovery is appropriate where "a party fails to answer an interrogatory submitted under Rule 33[,]" and where "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "A party may move for an order compelling discovery after conferring or attempting to confer in good faith with the party failing to produce discovery." *Ousterhout v. Zukowski*, No. 11 CV 9136, 2016 WL 3675564, at *2 (N.D. Ill. Apr. 5, 2016), *R. & R. adopted*, No. 11-CV-9136, 2016 WL 3612086 (N.D. Ill. July 6, 2016).

14. Plaintiff's counsel Daniel J. Schneider conferred in good faith with Defendant's counsel Timothy Herman via telephone on July 21, 2020 at 3:00 p.m. Central Time, as discussed above, and was not successful in resolving this dispute.

WHEREFORE, Plaintiff respectfully requests that the Court order Octapharma to produce discovery responsive to Plaintiff's First RFPs, to respond to Plaintiff's First RFPs and Interrogatories, and to grant any further relief as may be appropriate and just.

                                  Respectfully submitted,

**MARY CRUMPTON,** on behalf of themselves and all others similarly situated,

Date: July 24, 2020                    By: <u>s/Daniel J. Schneider</u>
                                            One of Plaintiff's attorneys

Benjamin H. Richman
brichman@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
Daniel J. Schneider
dschneider@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

David Fish
dfish@fishlawfirm.com
John Kunze
kunze@fishlawfirm.com
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400

5

**CERTIFICATION OF COMPLIANCE WITH LR 37.2**

      In compliance with Rule 37.2 of the Northern District of Illinois Local Rules and the Court's standing order on Discovery Motions, Plaintiff's counsel met and conferred telephonically with counsel for Defendants on July 21, 2020 at 3:00p.m. Central Time. Specifically, Daniel Schneider participated in the meet and confer on behalf of Plaintiff, and Timothy Herman participated on the call on behalf of Defendants. During the call, counsel made good faith attempts to resolve the differences but were unable to reach an accord regarding the instant motion.

                                                             /s/Daniel J. Schneider