# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARY CRUMPTON, individually and on behalf of the Settlement Class,<br><br>          Plaintiff,<br>v.<br><br>OCTAPHARMA PLASMA, INC., a Wisconsin limited liability company,<br><br>          Defendant. | No. 19-cv-8402<br><br>Hon. Virginia M. Kendall |

**DECLARATION OF SCHUYLER UFKES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
<u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

      1.     I am an attorney admitted to practice before the Supreme Court of the State of Illinois and the Northern District of Illinois. I am over the age of eighteen years old. I am entering this Declaration in support of Plaintiff's Motion for and Memorandum in Support of Final Approval of Class Action Settlement. This Declaration is based upon my personal knowledge except where expressly noted otherwise. If called upon to testify to the matters stated herein, I could and would competently do so.

      2.     I am an associate at Edelson PC (also referred to as the "Firm"), which has been retained to represent the named Plaintiff in this matter, Mary Crumpton, and have been preliminarily appointed by the Court to act as Class Counsel on behalf of the Settlement Class.[1]

      3.     My Firm propounded Plaintiff's first set of interrogatories and requests for production to Defendant on June 15, 2020. Defendant first responded to Plaintiff's first set of

---

[1]     Unless otherwise specified, all capitalized terms are defined in the parties' Stipulation of Class Action Settlement.

1

discovery requests on August 27, 2020. Defendant later supplemented six of its interrogatory responses and made eight supplemental productions between October 22, 2020 and July 12, 2021, producing in total over 43,000 pages of documents and ESI.

4. I propounded a second set of written discovery requests to Defendant on March 30, 2021, to which Defendant responded on May 11, 2021.

5. Defendant served a set of interrogatories and requests for production to Plaintiff on August 7, 2020, and served an amended set of interrogatories on September 4, 2020. My Firm, on behalf of Plaintiff, served responses to Defendant's requests for production on September 8, 2020 and responses to Defendant's interrogatories and amended interrogatories on October 9, 2020.

6. My Firm served a subpoena for the production of documents on behalf of Plaintiff to third-party Haemonetics Corporation on August 7, 2020. Haemonetics initially responded to the subpoena on September 22, 2020, raising several objections and producing about 600 pages of documents. Haemonetics then made a supplemental production on December 3, 2020, producing about 1,400 more pages of documents.

7. I served a subpoena for the production of documents on behalf of Plaintiff to third-party Fulcrum Biometrics Inc. on January 22, 2021. Fulcrum Biometrics responded to Plaintiff's subpoena on February 23, 2021, producing over 30,000 pages of documents and ESI.

8. Defendant deposed Plaintiff Mary Crumpton on June 8, 2021. I defended the deposition.

9. On April 30, 2021, I noticed a Rule 30(b)(6) deposition of Defendant. Defendant served a written response to the notice on May 27, 2021, designating two corporate representative witnesses to be deposed: one to testify about Octapharma's policies and

procedures, and one to testify about the technical aspects of Octapharma's biometric donor identification system. I deposed Defendant's policies and procedures witness on June 23, 2021, and, after conferring with Defendant's Counsel, scheduled Defendant's technical witness's deposition for August 31, 2021. I also noticed the depositions of two other Octapharma employees and served a subpoena for the deposition of Haemonetics, which was scheduled to be taken on September 14, 2021.

10. The Settlement was reached through arm's-length negotiations and without collusion. After the Court's January 19, 2021 ruling on Plaintiff's motion to strike, the parties agreed that it was an appropriate time to begin exploring the possibility of resolution. My Firm engaged in several telephone conferences with Defendant's Counsel to discuss settlement before I served Plaintiff's initial class-wide settlement demand on June 2, 2021. After my Firm held several more phone conferences with Defendant's Counsel, the parties agreed in early August 2021 to participate in a full-day, formal mediation session with the Honorable James F. Holderman of JAMS in Chicago. My Firm submitted a mediation brief on behalf of Plaintiff to Judge Holderman on August 20, 2021, as did Defendant's Counsel, before attending mediation on August 26, 2021. The parties used their entire scheduled eight-hour session with Judge Holderman. At the end of the session, my Firm and Defendant's Counsel executed a binding Memorandum of Understanding on behalf of our respective clients, which detailed the material points of the class-wide settlement. Over the next month and a half, my Firm and Defendant's Counsel drafted the written Settlement Agreement and circulated it back and forth several times, redlining it and negotiating certain terms of it. The parties fully executed the Settlement Agreement on October 20, 2021.

11. The written Settlement Agreement provided to the Court represents the entirety of the parties' proposed Settlement.

12. I believe that the Settlement is in the best interest of the Settlement Class. For the reasons discussed in Plaintiff's motion for final approval, the Settlement provides outstanding monetary and prospective relief without the uncertainty and delay that years of additional litigation would bring.

\* \* \*

I declare under penalty of the perjury that the foregoing is true and correct. Executed on February 2, 2022, at Chicago, Illinois.

/s/ Schuyler Ufkes