# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MARY CRUMPTON, individually and on behalf of the Settlement Class,

          Plaintiff,

v.

OCTAPHARMA PLASMA, INC., a Wisconsin limited liability company,

          Defendant.

No. 19-cv-8402

Hon. Virginia M. Kendall

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter coming before the Court on Plaintiff's Motion for and Memorandum in Support of Final Approval of Class Action Settlement (dkt. 88) between Plaintiff Mary Crumpton ("Plaintiff") and Defendant Octapharma Plasma, Inc., ("Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties"), the terms of which are set forth in the Stipulation of Class Action Settlement (the "Settlement Agreement") (dkt. 88-1), and Plaintiff's Motion and Memorandum of Law for Attorneys' Fees, Expenses, and Incentive Award (dkt. 84), the Court having been advised of the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on February 16, 2022.

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement. (Dkt. 88-1.)

2. This Court has subject-matter jurisdiction over the Action to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. On November 4, 2021, this Court preliminarily approved the Settlement Agreement, and certified, for settlement purposes, the Settlement Class consisting of: "[a]ll persons who scanned their finger and provided an Illinois address at an Octapharma plasma donation facility located in Illinois between December 2, 2014 and February 4, 2020."[1] (Dkt. 81.) The Court now confirms certification of the Settlement Class for purposes of entering final judgment.

4. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice— which included direct notice via U.S. Mail and/or e-mail and the creation of the Settlement Website—provided the best practicable notice under the circumstances; was reasonably calculated to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of this Court.

5. The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. (*See* dkt. 87.) As required by CAFA, more than ninety (90) days

---

[1] Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; (3) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (4) the legal representatives, successors, heirs or assigns of any such excluded persons.

have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

6. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, was reached with the assistance of the Honorable James F. Holderman (ret.) of JAMS Chicago who served as the Parties' mediator, and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

7. The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8. The Court further acknowledges the Parties achieved an excellent claims rate of 22% as a result of the Notice program. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d at 620, 629, 632 (N.D. Cal. 2021) (describing similar 22% claims rate in BIPA settlement with Facebook as "impressive" and "unprecedented").

9.     No Settlement Class Member has objected to any of the terms of the Settlement Agreement, and no members of the Settlement Class have submitted timely requests for exclusion.

10.     The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

11.     Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

12.     Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses the Action on the merits and with prejudice.

13.     Upon the Effective Date of the Settlement Agreement, Plaintiff and each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns and agents, and each of them, shall be deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged and all actual, potential, filed, unfiled, past and present claims or causes of action, whether known or unknown (including "Unknown Claims" as defined in the Settlement Agreement), damages, whether statutory, punitive, exemplary or liquidated, expenses, costs, attorney's fees and or obligations, whether in law or in equity, including any claims, which were or could have been brought, arising out of the Illinois Biometric Information Privacy Act, or any similar federal, state, or local statute, regulations, or common law related to biometric information or biometric identifiers, including, but not limited to, any tort or privacy

4

claims, arising out of or relating to Defendant's alleged collection, possession, capture, purchase, receipt through trade, obtaining, sale, profit from, disclosure, redisclosure, dissemination, storage, transmittal, and/or protection from disclosure of alleged biometric information or biometric identifiers through the use of finger scanners or kiosks at Defendant's Illinois facilities against Octapharma Plasma, Inc., and all of its present or former administrators, predecessors, successors, assigns, parent (namely, Octapharma Plasma, AG), subsidiaries, holding companies, investors, sister and affiliated companies, divisions, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, vendors, accountants, fiduciaries, financial and other advisors, investment bankers, insurers, reinsurers, employee benefit plans, underwriters, shareholders, lenders, auditors, investment advisors, and any and all present and former companies, firms, trusts, corporations, officers and directors. For the avoidance of any doubt, Haemonetics Corporation and/or its parents, affiliates, and subsidiaries are not included as Released Parties.

14.    Accordingly, the Settlement shall be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties.

15.    The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of Settlement Class Members.

16.    The Court awards to Class Counsel $3,283,907.67 as a fair and reasonable attorneys' fee, which shall include all attorneys' fees and reimbursable expenses associated with

5

the Action. This amount shall be paid from the Escrow Account pursuant to the terms in the Settlement Agreement. In determining the attorneys' fee award, the Court has considered the prevailing market rates for counsel in similar litigation to approximate the terms that Class Counsel and the absent Class Members would have agreed to *ex ante*, had negotiations occurred. *In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001). The Court finds that the attorneys' fee award here, which equates to 33.3% of the Settlement Fund, is in line with fee awards provided in similar BIPA cases in this District and is reasonable in light of both the substantial risk that Class Counsel took on in accepting the case and the excellent relief Class Counsel ultimately obtained for the Settlement Class.

17. The Court awards to the Class Representative an incentive award of $5,000.00 for her time and effort serving the Settlement Class in this Action. This amount shall be paid from the Escrow Account pursuant to the terms in the Settlement Agreement.

18. To the extent that any payments made to Settlement Class Members pursuant to the Settlement Agreement are not cashed within ninety (90) days of issuance or an electronic deposit is unable to be processed within ninety (90) days of the first attempt, the total amount of such residual funds shall be paid to the American Civil Liberties Union of Illinois, earmarked to support its Government Accountability and Personal Privacy efforts, as a *cy pres* recipient.

19. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order, and for any other necessary purpose.

**IT IS SO ORDERED**.

ENTERED:  2/16/2022

HON. VIRGINIA M. KENDALL
UNITED STATES DISTRICT JUDGE